His Honor, EMILE GrODCHAUX,
rendered the opinion and decree of the Court, as follows:
' On October 28, 1909, the Railroad Commission of this State adopted its Order No. 1069, therein declared to be effective November 15th, 1909, fixing the express rates on shipments of liquor from Alexandria, La., to other points in Louisiana.
Por a period beginning on November 15, 1909, ancl extending to March 1st, 1912, when Order No. 1069, fixing *82 the local express rates on liquor shipments from Alexandria, was superseded by the Commission’s Order No. 1351, fixing a lower rate on such shipments and in fact establishing a general tariff of express rates upon every class of shipment between all Louisiana points, the plaintiff herein forwarded by express through defendant company, sundry shipments of liquor from Alexandria, La., to other points in Louisiana, and tendered for such service the express rates fixed by Order No. 1069. This the defendant declined to accept but demanded .a higher rate which prevailed prior to the adoption of Order 1069. The plaintiff thereupon paid the higher rate under protest .and without waiver of its right to recover the alleged excess. This excess it is now seeking to recover in the present proceeding.
Shortly after Order No. 1069 was adopted the defendant filed in a Court of competent jurisdiction as authorized by Article 285 of the Constitution of 1898, an ordinary suit to set aside and .annul this order on the ground that the rates therein were unjust and unreasonable.
Nothing was done in this suit, no issue joined, no injunction or like relief sought or secured, and finally when Order No. 1069, which was the subject of the suit, was superseded by Order No. 1351 o,n March 1st, 1912, as aforesaid, the suit was dismissed on that ground at the cost of the Express 'Company upon its own motion to that effect, concurred in by the attorney for the Railroad Commission.
Defendant contends that the effect of its suit to annul Order No. 1069 was to suspend the operation of the rates therein prescribed; that as said suit was .actually pending until Order No. 1069 was superseded by Order No. *83 1351, the former order and the rates therein fixed never became operative or effective, and that consequently plaintiff was properly charged the rates prevailing prior to the adoption of Order No. 1069.
This contention might have been sustained under Articles 285 and 286 of the Constitution of 1898 prior xu their amendment in 1908, for while carriers were then subject to a, fine of not less than $100 nor more than $5000 for violating ,a rate, yet, according to the proviso to Article 286, in the event of a judicial test with respect to a rate they could with impunity disregard it until its validity was upheld by judicial decree and were expressly exempted from any present or eventual liability, fine or penalty for so doing. And it appeared to follow from these provisions that pending a judicial determination aa to the validity of a rate a carrier need not comply witn it with respect to the shipper and was exempted to tlie same degree from all legal liability to the shipper for its failure to observe it — that is, in the event that a rate was contested, it did not apparently become a legal, operative or effective rate, between shipper and carrier, until its legality had been judicially established.
But the amendment to Article 286, adopted in April, 1908 (Act 15 of 1907, E. S.) set at rest all doubts on this score. The penalty of not less than $100.00 nor mor« than $5000.00. for the violation of a rate was still retained, but the proviso which permitted a carrier to disregard a rate without incurring this penalty pending a judicial contest over the legality of the rate 'was abolished and in its stead was expressly provided: first, that “a rate * * * shall go into effect .at such time as may be fixed by the Commission and shall remain in effect and be complied with until set aside by the Commission or *84 by a final judgment of a Court of competent jurisdiction,” and
Second, that should a rate be maintained by final judgment of a Court, the carrier ‘ ‘ contesting .same shaii forfeit and pay the State of Louisiana the sum o'f not less than ten ($10.00) dollars nor more than fifty ($50.00) dollars per day for each day that the putting into effect and operation of the rate may have been suspended by such suit.5 ’
The clear and unmistakable effect of these provision» is that notwithstanding the pendency of a suit to test its validity, a rate is nevertheless effective and must be complied with by the carrier under pain of a fine of not less than $100.00 and not more than $5000.00; and that if the carrier contesting the rate succeeds through writ of injunction or other like process or relief in arresting the operation of the rate pending the suit, then in the event that the Court’s decree finally sustains the rate, a penalty shall be imposed upon the carrier of not less than $10.00 nor more than $50.00 per day for each day that the rate may have been thus suspended.
And since the protection of the shipper and not the collection of fines from carriers is the primary object of this legislation, it certainly cannot be contended that a carrier thus penalized for violating or suspending a rate pending judicial inquiry into its validity,- is meanwhile under no obligation to observe the rate with respect to the shipper. And our'conclusion therefore is that the pendency of defendant’s suit against the Commission did not in fact or in law suspend the operation of the rates established by Order No. 1069.
It is further claimed that the adoption by the Railroad Commission by Order No. 1351 in December, 1911, of a general tariff of express rates applicable to .all classes of *85 commodities and shipments between all points within the State, thereby superseding Order No. 1069, adopted in October, 1909, fixing a lower rate on local shipments of a particular commodity, destroys the presumption that the latter rate was reasonable and consequently valid, and that, therefore, recovery is barred.because the reasonableness and validity of the rate has not been affirmatively established herein. This contention ignores the essential consideration that rates are necessarily fixed and their reasonableness determined on the basis of conditions and circumstances existing on the date of their establishment. Consequently the dis-establishment of an old rate by the institution of a new .and lower one would give rise to the inference or presumption, not that the old rate was unreasonable when adopted or while in force, but simply that the new rate is justified by the altered conditions then prevailing.
Opinion and decree, December 20th, 1915.
Rehearing refused, January 17th, 1916.
Writ granted, February 23, 1916.
The trial Court found for plaintiff as prayed for, and its judgment is affirmed.
Affirmed.
139 La.,____; 71 South., 945.